CONSTITUTIONAL LAW — PREEMPTION — PROPERTY — FEDERAL LAW DOES NOT PREEMPT MARYLAND LAW PROHIBITING KICKBACKS IN CONNECTION WITH REAL ESTATE SETTLEMENTS

January 27, 1993

*The Honorable Donald C. Fry*
*House of Delegates*

You have requested our opinion concerning the effect of recent federal regulations on Article 27, §465A of the Maryland Code. Specifically, you ask whether the Maryland statute has been preempted by the revised Regulation X of the federal Department of Housing and Urban Development.

For the reasons stated below, we conclude that Article 27, §465A has not been preempted.

## I

### Maryland Anti-Kickback Legislation

Article 27, §465A broadly prohibits kickbacks or other types of referral payments in connection with real estate settlements: "No person, firm, or corporation having any connection whatsoever with the settlement of real estate transactions involving land situated and lying in this State, shall, for the purpose of soliciting, obtaining, retaining, or arranging any real estate settlement for real estate settlement business, pay to or receive from, any other person, firm, or corporation any fee, compensation, gift (except promotional or advertising materials for general distribution), thing of value, rebate, or other consideration, including loans and advancements of commissions or deposit moneys." A violation of this provision is a misdemeanor punishable by fine or imprisonment.[1]

This prohibition was enacted as Chapter 756 of the Laws of Maryland 1967 in essentially its present form. Although we are not

---

[1] The section contains certain exceptions that are not relevant to your inquiry.

aware of any legislative history bearing on the purpose of the provision, it is evidently intended to prevent a real estate broker, for example, from having a financial incentive to steer a purchaser of real property to a particular provider of settlement services. Presumably, the General Assembly perceived that the purchaser would be better served if advice about settlement services was free of such bias.

## II

### Regulation X

On November 2, 1992, the federal Department of Housing and Urban Development ("HUD") adopted a final rule detailing the requirements of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), taking into account certain amendments in 1983. *See* 24 C.F.R. Part 3500.

RESPA generally prohibits any fee or kickback for a referral of "business incident to or part of a settlement service ...." 12 U.S.C. §2607. As amended in 1983, however, RESPA allows certain payments among participants in a "controlled business arrangement." 12 U.S.C. §2607(c)(4). A "controlled business arrangement" is one in which a person in a position to refer settlement business "has either an affiliate relationship with or a direct or beneficial ownership interest of more than 1 percent in a provider of settlement services" and refers business to that provider. 12 U.S.C. §2601(7).

For purposes of this opinion, we need not explore the details under which payments otherwise prohibited by RESPA may be made among participants in a "controlled business arrangement."[2]

---

[2] One illustration, drawn from the explanatory material in the HUD regulation, conveys the essence of what is now permitted under federal law: Suppose that A, a franchisor for franchise real estate brokers, owns B, a provider of settlement services. C, a franchisee of A, refers business to B. Under this controlled business arrangement, and assuming that certain disclosure and other requirements of the regulation are satisfied, B is permitted to make payments to A of dividends representing a return on A's ownership interest.

The key point is that Article 27, §465A prohibits certain payments that federal law allows in controlled business arrangements. The question, then, is whether federal law preempts the Maryland prohibition.

## III

## Preemption Analysis

RESPA preempts state laws only to the extent of any inconsistency with RESPA. The HUD Secretary is given authority to determine whether such inconsistencies exist but "may not determine that any State law is inconsistent with any provision of [RESPA] if the Secretary determines that such law gives greater protection to the consumer."[3]  12 U.S.C. §2616.  Moreover, Regulation X states as follows:

> In determining whether provisions of State law or regulations concerning controlled business arrangements are inconsistent with RESPA or this part, the Secretary may not construe those provisions that impose more stringent limitations on controlled business arrangements as inconsistent with RESPA so long as they give more protection to consumers and/or competition.

24 C.F.R. §3500.13(b)(2).

Congress and HUD enacted these preemption provisions with presumed knowledge of the well-established "assumption that the historic police powers of the States were not to be superseded by [federal statute] unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947).  Hence, express preemption provisions like these are to be

---

[3]  Regulation X provides that:  "Upon request by any person, the [HUD] Secretary is authorized to determine if inconsistencies with State law exist ...."  24 C.F.R. §3500.1(b).

construed narrowly "in light of the presumption against the preemption of state police power regulations." *Cipollone v. Liggett Group, Inc.*, 112 S.Ct. 2608, 2618 (1992).

A narrow application of RESPA preemption means that the HUD Secretary could find Article 27, §465A to be preempted only if the Maryland law manifestly failed to give greater protection to the consumer than does RESPA. But surely the General Assembly could reasonably conclude that, even if a property buyer is dealing with a participant in a "controlled business arrangement" as defined by federal law, advice about settlement services should be offered without the prospect of financial inducement. Under this view, Article 27, §465A provides greater protection to consumers than RESPA by eliminating such inducements, for which the consumer would indirectly pay. While we do not doubt that economic arguments the other way could be mounted, RESPA preemption, construed narrowly as it should be, leaves such fairly debatable policy judgments to the states.

We recognize that the HUD Secretary has ultimate authority to decide whether Article 27, §465A indeed "gives greater protection to the consumer." *See Greenwald v. First Fed. Savings & Loan Ass'n,* 446 F. Supp. 620, 625 (D. Mass. 1978), *aff'd* 591 F.2d 417 (1st Cir. 1979). But, in our opinion, if the Secretary applies the law correctly, he would conclude that §465A is not preempted.

## IV

### Conclusion

In summary, it is our opinion that Article 27, §465A of the Maryland Code is not preempted by federal law.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*